# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DAVID ADKINS,**
**Claimant Below, Petitioner**

**FILED**
July 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0523**   (BOR Appeal No. 2046594)
(Claim No. 2010112647)

**A. T. MASSEY COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Adkins, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. A. T. Massey Coal Company, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 26, 2012, in which the Board affirmed a November 10, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 3, 2010, decision granting Mr. Adkins a 2% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adkins suffered an injury when he was hit by coal and top rock and knocked down while washing out a silo with water to unplug it. The claim was originally held compensable for unspecified contusion of the eyeball and laceration of the eyelid. The Office of Judges reversed the claims administrator's decision and held that Mr. Adkins has been fully compensated for the injury to his cervical spine and granted an award of 8% permanent partial disability, representing 6% for the lumbar spine in addition to the 2% permanent partial disability award which was granted for scarring of the left eyelid. On appeal, Mr. Adkins disagrees and asserts that the Board of Review erred in finding that he was not entitled to more than an 8% permanent partial disability award, and in finding that Dr. Walker's report was not reliable. A. T. Massey Coal

1

Company maintains that Mr. Adkins failed to prove by a preponderance of the evidence that he is entitled to more than an 8% permanent partial disability award for his compensable injuries.

The Office of Judges concluded that Mr. Adkins has been fully compensated for the injury to his cervical spine. It determined that Dr. Walker's finding of 6% for the cervical spine cannot be considered reliable because he did not appear to know of or factor in Mr. Adkins's previous award for the cervical spine. The Office of Judges relied on Dr. Grady's and Dr. Condaras's recommendations that Mr. Adkins has been fully compensated for this condition through his previous 6% permanent partial disability award. The Office of Judges then concluded that Mr. Adkins had a 0% whole person impairment for the knee sprain because the injury of August 5, 2009, cannot be said to have meaningfully contributed to the impairment of the knee.

The Office of Judges concluded that Mr. Adkins had a 2% permanent partial disability award for scaring of the left eyelid. It determined that Dr. Walker's finding 11% impaired for vision loss and 1% impaired for scaring of the eye cannot be considered credible because there was no indication that Mr. Adkins had ever suffered any visual impairment to the eye and no other physician found Mr. Adkins suffered vision loss other than shortly after the injury. The Office of Judges relied on Dr. Grady's and Dr. Condaras's findings of 2% impairment for the left eye and held that Mr. Adkins had 2% whole person impairment for the left eye. The Office of Judges concluded that Mr. Adkins had a 6% whole person impairment for the lumbar spine as recommended by Dr. Condaras. The Board of Review reached the same reasoned conclusions in its decision of March 26, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 11, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Chief Justice Brent D. Benjamin, Disqualified

2